UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:  )<br>PHC, INC. SHAREHOLDER LITIGATION  )<br>_____)<br>PETER BLAKESLEE, individually and on behalf  )<br>of all others similarly situated,  )<br>                         Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BRUCE A. SHEAR, DAVID E. DANGERFIELD,  )<br>WILLIAM F. GRIECO, HOWARD W. PHILLIPS,  )<br>DONALD E. ROBAR, DOUGLAS J. SMITH,  )<br>ACADIA HEALTHCARE COMPANY INC.,  )<br>and ACADIA MERGER SUB, LLC,  )<br>                         Defendants.  )<br>_____)<br>_____<br>MAZ PARTNERS LP, individually and on behalf  )<br>of all others similarly situated,  )<br>                         Plaintiff,  )<br>  )<br>v.  )<br>  )<br>BRUCE A. SHEAR, DAVID E. DANGERFIELD,  )<br>WILLIAM F. GRIECO, HOWARD W. PHILLIPS,  )<br>DONALD E. ROBAR, DOUGLAS J. SMITH,  )<br>ACADIA HEALTHCARE COMPANY INC.,  )<br>and ACADIA MERGER SUB, LLC,  )<br>                         Defendants.  )<br>_____) | Civil Action No. 11-11049-GAO<br><br><br><br><br><br><br><br><br><br><br><br>CONSOLIDATED |

OPINION AND ORDER
September 30, 2013

O'TOOLE, D.J.

    The plaintiffs brought similar actions against Acadia Healthcare Company Inc. ("Acadia"), Acadia Merger Sub, LLC, and several individual executives, Bruce Shear, David Dangerfield, William Grieco, Howard Phillips, Donald Robar, and Douglas Smith ("Individual

1

Defendants"). The actions were consolidated. The Amended Complaints allege claims of breaches of fiduciary duties against the individual defendants. Additionally, the plaintiffs allege that defendants Acadia and Acadia Merger Sub, LLC, aided and abetted the breaches of fiduciary duties.

The plaintiffs, holders of Class A common stock of PHC, Inc., originally sought declaratory and injunctive relief against the consummation of a proposed merger between PHC and Acacdia, as well as an award of compensatory damages. The plaintiffs did not press their claim for an injunction preventing the merger, however, and it took place effective November 1, 2011, after receiving the approval of 88.7% of the Class A shareholders 99.9% of the Class B shareholders. The plaintiffs also eschewed any statutory appraisal remedy.

In the merger, each share of PHC Class A stock was exchanged for one quarter share of Acadia stock. According to the summary judgment record, on October 31, 2011, the day before the merger, the closing market price for a share of PHC Class A stock was $ 1.95.  As of January 18, 2013, shortly before the defendants' summary judgment papers were filed, Acadia's stock closed at $26.27. One-fourth the full value of an Acadia share would represent the value of the prior PHC share exchanged in the merger, or, as of January 2013, $6.57. I take judicial notice from publicly available NASDAQ trading information that as of the date of this Opinion and Order, Acadia's stock is trading close to $40 per share, increasing the value of a former PHC Class A share to close to $10.

Whatever disputes there may be about whether the defendants breached any fiduciary or other duties toward the plaintiffs, one thing is crystal clear: the defendants have suffered no injury as a consequence of the conversion of their PHC shares into Acadia shares under the terms of the merger. The parties apparently dispute whether the plaintiffs continue to hold post-merger

Acadia shares or not, but in either event the result is the same. If they disposed of some or all of their Acadia shares after the merger, it is undisputed that they did so at a higher value than the value of the shares immediately before the merger. (Moreover, the post-merger disposition of their shares, if that occurred, would have amounted to an "acquiescence" in the merger precluding their litigation claims. See Bershad v. Curtiss-Wright Corp., 535 A.2d 840, 848 (Del. 1987).) On the other hand, if they retained their shares, their investment in PHC has become a more valuable investment in Acadia.

To this the plaintiffs claim that were it not for the breaches of duty and self-dealing of the defendants, an even better deal could have been arranged for the Class A shareholders. This claim rests entirely on speculation. There was no actual other proposal. This is not a case where the directors had a choice between alternatives and chose one that disadvantaged Class A shareholders over one that advantaged them. The plaintiffs simply posit that if the directors had been more faithful to their duty they could have negotiated a better deal. But there are no facts, and without facts their proposal is simply conjecture.

The matter could be framed as a lack of standing or as the absence of proof of an essential element of the claims. In either event, the fact that the plaintiffs are unable to demonstrate that they have suffered an actual injury is fatal to their claims.

The defendants' motion for summary judgment (dkt. no. 97) is GRANTED. Judgment in each case shall enter in favor of the defendants, dismissing the complaint.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge