# United States Court of Appeals
## For the First Circuit

No. 13-2273

IN RE: PHC, INC. SHAREHOLDER LITIGATION

MAZ PARTNERS LP, on behalf of itself and all others similarly situated; PETER BLAKESLEE, individually and on behalf of all others situated,

Plaintiffs, Appellants,

v.

PHC, INC.; BRUCE A. SHEAR; DONALD E. ROBAR; DOUGLAS J. SMITH; HOWARD W. PHILLIPS; WILLIAM F. GRIECO; DAVID E. DANGERFIELD; ACADIA HEALTHCARE COMPANY, INC.; and ACADIA MERGER SUB, LLC,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Thompson and Selya, Circuit Judges,
and McConnell, Jr.,[*] District Judge.

Chet B. Waldman, with whom Patricia I. Avery, Natalie Mackiel, Wolf Popper LLP, David A.P. Brower, Brian C. Kerr, Brower Pivin PC, Norman Berman, Nathaniel L. Orenstein, Berman DeValerio, Patrick J. Sheehan and Whatley Kallas LLP were on brief, for appellants.
James H. Hulme, with whom Matthew Wright, Arent Fox LLP, Richard M. Zielinski, Leonard H. Freiman and Goulston & Storrs were on brief, for PHC Director defendants/appellees.

---

[*]Of the District of Rhode Island, sitting by designation.

August 6, 2014

**McConnell, Jr., District Judge**. This stockholders' class action suit challenging the fairness of a corporate merger raises the issue of whether the district court precipitately granted summary judgment in light of plaintiffs' Rule 56(d) Affidavit outlining the discovery they needed to respond to the dispositive motion. After a thorough and careful review of the entire record, we find that plaintiffs should have been afforded the opportunity to conduct additional discovery, and, therefore, remand this matter for further proceedings below.

## BACKGROUND

Plaintiffs MAZ Partners, LP ("MAZ") and Peter Blakeslee were holders of Class A common stock of PHC, Inc. ("PHC"). They filed separate but similar class action suits in Massachusetts, alleging that an announced merger between PHC and Acadia Healthcare Company, Inc. ("Acadia") was the result of an unfair process that provided them with too little compensation. Plaintiffs sued PHC, Acadia, and Acadia Merger Sub, LLC ("Merger Sub"), an entity created to facilitate the merger, as well as PHC's chairman, several directors, and a board member (collectively, the "Individual Defendants"). MAZ filed in state court, while Mr. Blakeslee filed in federal court. Plaintiffs' claims included breaches of fiduciary duty, aiding and abetting those breaches, and a disclosure violation.

Plaintiffs claim that defendants breached their fiduciary

-3-

duty to Class A stockholders because the announced merger between PHC and Acadia gave them only one quarter of one share of Acadia common stock for each share of PHC stock they owned. In contrast, in addition to the one quarter of one share of Acadia common stock, a $5 million cash payment was made to the holders of PHC Class B common stock, 93.2% of which was owned by defendant Bruce A. Shear, PHC's president, chief executive officer, and chairman. Mr. Shear negotiated the merger's terms.

In the MAZ case, a Massachusetts Superior Court judge entered a discovery order allowing discovery in connection with MAZ's filing of a preliminary injunction motion to stop the merger. Defendants then removed the case to federal court. The parties reached an agreement: plaintiffs would not seek remand and defendants would provide expedited discovery. MAZ alleges that defendants only produced limited and redacted materials. After the 30-day period for remand expired, defendants filed a motion to stay discovery. Although the court ultimately denied the stay of discovery, defendants produced only a handful of documents and no depositions were taken.

Plaintiffs filed amended complaints and all defendants moved to dismiss those complaints under Rule 12(b)(6) of the Federal Rules of Civil Procedure. At the hearing on the motions to dismiss, the federal district court consolidated the two cases[1] and

---

[1] MAZ Partners LP v. Shear, Civ. A. No. 1:11-cv-11099-GAO consolidated with Blakeslee v. PHC, Inc., Civ. A. No. 1:11-cv-

took the motions to dismiss under advisement. After the hearing and while the motions to dismiss were pending, the merger was consummated.

The district court granted in part and denied in part the motions to dismiss. In re PHC, Inc. S'holder Litig., Civ. A. No. 11-11049-GAO, 2012 WL 1195995, at *4 (D. Mass. Mar. 30, 2012). The claims against PHC, the corporation itself, were dismissed, as was the disclosure claim. Id. at *3-*4. Plaintiffs' remaining claims — breach of fiduciary duty against the Individual Defendants, and aiding and abetting against Acadia and Merger Sub — all survived. Id. at *2, *4.

Remaining defendants again sought to dismiss the complaints, this time by filing a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. At that hearing, the district court denied the motion for procedural reasons and then stated that "a motion for summary judgment may be appropriate" but the court did not "know whether we're at the stage yet where there would be agreement on both sides that the factual record is so clear that that's appropriate." The district court went on to "anticipate the possibility" of a motion under Rule 56(d) of the Federal Rules of Civil Procedure and said "I think we should maybe just permit some discovery before the [summary judgment] motion is filed and head that off."

---

11049-GAO and proceeded as In re PHC, Inc. S'holder Litig., Civ. A. No. 11-11049-GAO.

-5-

A month after the denial of their Rule 12(c) motion, defendants moved for summary judgment. Apparently ignoring the district court's caution about the need for discovery first, defendants argued that plaintiffs had no viable claims. Regarding the breach of fiduciary duty and aiding and abetting claims, defendants argued that plaintiffs lacked evidence. Plaintiffs opposed the motion, arguing that it was "entirely premature" and, just as the district court predicted, submitted an affidavit pursuant to Rule 56(d) of the Federal Rules of Civil Procedure ("Rule 56 Affidavit"). The fourteen-page Rule 56 Affidavit chronicles plaintiffs' attempts to obtain discovery and defendants' failure to provide it. It delineates the categories of information about which the identified witnesses are likely to have information and specifies the essential information, in defendants' hands, that would support plaintiffs' opposition to the motion for summary judgment. In addition to arguing that it was premature for the district court to entertain a summary judgment motion, plaintiffs also opposed the motion on its merits.

The district court granted summary judgment without addressing the lack of discovery or the Rule 56 Affidavit. Instead, the district court concluded that the case "could be framed as a lack of standing or as the absence of proof of an essential element of the claims. In either event, the fact that the plaintiffs are unable to demonstrate that they have suffered an

-6-

actual injury is fatal to their claims." In re PHC, Inc. S'holder Litig., Civ. A. No. 11-11049, 2013 WL 5441745, at *2 (D. Mass. Sept. 30, 2013). Judgment entered in favor of defendants.

Plaintiffs appealed, asserting various substantive errors in the district court's ruling and arguing that the district court abused its discretion by effectively denying their invocation of Rule 56(d) by granting summary judgment. Defendants argue that the Rule 56 Affidavit was legally insufficient and they seek affirmance on other grounds. In light of the Rule 56 Affidavit, we hold that the district court abused its discretion by not allowing discovery before ruling on the motion for summary judgment; we need not delve into any other assertions of error.

## STANDARD OF REVIEW

Ordinarily, a review by this court of the grant of summary judgment is de novo. Morelli v. Webster, 552 F.3d 12, 18 (1st Cir. 2009). However, because we ultimately conclude that the district court erred in not affording appropriate consideration to the Rule 56 Affidavit, our review is for abuse of discretion. See Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., 730 F.3d 23, 28 (1st Cir. 2013) ("We review a district court's denial of a Rule 56(d) motion for abuse of discretion."). "Under the abuse of discretion standard, we will not reverse a district court's discovery order unless it appears that the order 'was plainly wrong and resulted in substantial prejudice to the

-7-

aggrieved party.'"  Sánchez-Rodríguez v. AT & T Mobility P.R., Inc., 673 F.3d 1, 9 (1st Cir. 2012) (quoting Universal Commc'n. Sys., Inc. v. Lycos, Inc., 478 F.3d 413, 425 (1st Cir. 2007)).

## DISCUSSION

The district court's summary judgment decision addressed neither plaintiffs' invocation of Rule 56(d) nor their assertion of the lack of discovery.  The district court's grant of summary judgment, however, necessarily denied plaintiffs' request for relief pursuant to Rule 56(d).

Although our review of the decision below as it relates to Rule 56(d) is for abuse of discretion, this court has been clear and concordant in its direction to district courts regarding how to analyze Rule 56(d) issues:  "Consistent with the salutary purposes underlying Rule 56(f),[2] district courts should construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter."  Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994).

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary

---

[2] "Rule 56(d) was formerly Rule 56(f)," and "the textual differences between current Rule 56(d) and former Rule 56(f) are purely stylistic." Nieves-Romero v. United States, 715 F.3d 375, 381 n.3 (1st Cir. 2013).  Therefore, "case law developed under former Rule 56(f) remains controlling, and we cite to it where applicable." Id.

-8-

judgment, then the district "court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

"Rule 56(d) serves a valuable purpose." Rivera-Almodóvar, 730 F.3d at 28. "It protects a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion." Id. (citing Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 3 (1st Cir. 2004)). It "provides a safety valve for claimants genuinely in need of further time to marshal 'facts, essential to justify [their] opposition . . . to a summary judgment motion.'" Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995) (alteration in original) (quoting Mattoon v. City of Pittsfield, 980 F.2d 1, 7) (1st Cir. 1992)).

In order to gain the benefit of Rule 56(d), the party opposing summary judgment must make a sufficient proffer: "the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment." Resolution Trust Corp., 22 F.3d at 1203. If the reason the party cannot "adduce the facts essential to opposing summary judgment" is incomplete discovery, the party's explanation (i.e., the third requirement) should: (i) "show good cause for the failure to have discovered the facts sooner"; (ii) "set forth a plausible basis for

-9-

believing that specific facts . . . probably exist"; and (iii) "indicate how the emergent facts . . . will influence the outcome of the pending summary judgment motion." Id. Thus, in a case involving incomplete discovery, the Rule 56(d) proffer requirements can be categorized as: "authoritativeness, timeliness, good cause, utility, and materiality." Id. "[T]hese requirements are not inflexible and . . . . one or more of the requirements may be relaxed, or even excused, to address the exigencies of a given case." Id. When all the requirements are satisfied, "a strong presumption arises in favor of relief." Id. With this in mind, we turn now to our review of the record.

There is no question that plaintiffs have satisfied the first two requirements, "authoritativeness" and "timeliness." Plaintiffs promptly invoked Rule 56 shortly after defendants moved for summary judgment, and they did so by filing an authoritative affidavit.

Turning to the third requirement, the Rule 56 Affidavit should show "good cause for [plaintiffs'] inability to have discovered or marshalled the necessary facts earlier in the proceedings." Mir-Yépez v. Banco Popular de P.R., 560 F.3d 14, 16 (1st Cir. 2009) (quoting Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 10 (1st Cir. 2007)). A review of the litigation below establishes that discovery had barely begun before the court entered summary judgment. "Typically, when the parties have no

opportunity for discovery, denying the Rule 56(f) motion and ruling on a summary judgment motion is likely to be an abuse of discretion." CenTra, Inc. v. Estrin, 538 F.3d 402, 420 (6th Cir. 2008). The Rule 56 Affidavit establishes plaintiffs' persistence in their pursuit of discovery at an early stage of the litigation. On multiple occasions, the parties reached agreement on discovery schedules but defendants did not comply; instead, they sought to stay discovery and filed numerous motions. We are mindful that a party seeking "discovery expeditiously is not obligated to take heroic measures to enforce his rights against a recalcitrant opponent." Carmona v. Toledo, 215 F.3d 124, 135 (1st Cir. 2000) (citation omitted) (internal quotation marks omitted). Although defendants Acadia and Merger Sub represented that they had gathered over 140,000 responsive pages that they would produce, and PHC and the Individual Defendants had additional documents, plaintiffs received only about 170 pages. The parties took no depositions. Much of the information sought was within defendants' control, "a factor which weighs heavily in favor of relief under Rule 56(f)." Reid, 56 F.3d at 342.

To fulfill the fourth requirement, that of "utility," plaintiffs' proffer must show "a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time." Rivera-Torres, 502 F.3d at 10. In the Rule 56 Affidavit, plaintiffs point to defendants' admissions as proof of

-11-

readily available additional facts. For example, the Individual Defendants' initial disclosures enumerate several persons and entities likely to have relevant information regarding negotiations and diligence related to the merger at issue, including the valuation of Acadia. Those disclosures also identify documents, emails, and electronically stored information at PHC's corporate headquarters and on PHC's servers regarding diligence and financial analyses related to the merger. Acadia and Merger Sub's initial disclosures identify several individuals involved with negotiating and preparing the merger agreement. They also specify email communications related to the merger at issue, as well as due diligence documents related to another Acadia merger. The Rule 56 Affidavit also describes several categories about which the identified witnesses are likely to have information, such as the merger ratio, the valuations of PHC and Acadia, and the $5 million premium paid to the holders of Class B PHC common stock.

In a matter like this, when "plaintiffs' case turns so largely on their ability to secure evidence within the possession of defendants, courts should not render summary judgment because of gaps in a plaintiff's proof without first determining that plaintiff has had a fair chance to obtain necessary and available evidence from the other party." Carmona, 215 F.3d at 133. To rule otherwise would encourage defendants "to 'stonewall' during discovery — withholding or covering up key information that is

otherwise available to them through the exercise of reasonable diligence." Id.

Finally, to accomplish the fifth requirement of "materiality," the Rule 56 Affidavit "should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." Resolution Trust Corp., 22 F.3d at 1203. Because "[e]valuating the potential significance of unknown facts in regard to unadjudicated issues is something of a metaphysical exercise . . . . [T]he threshold of materiality at this stage of a case is necessarily low." Id. at 1207.

In the Rule 56 Affidavit, plaintiffs articulate how the discovery sought pertains to material factual disputes, such as the Individual Defendants' fiduciary duties, potential conflicts of interest of financial advisors, the relationships among the Individual Defendants, and the existence of other merger opportunities. The lack of discovery on these issues was acknowledged by the district court when it stated that "there are no facts" to support the plaintiffs' claim for breach of fiduciary duty. In re PHC, Inc. S'holder Litig., 2013 WL 5441745, at *1.

Plaintiffs timely sought discovery from defendants relevant to the issues presented in the motion for summary judgment. Despite plaintiffs' perseverant efforts, minimal discovery in the conventional sense took place. Plaintiffs survived several dispositive legal motions only to be faulted by a

summary judgment motion for lacking evidence. Under these circumstances, the district court's disregard of plaintiffs' detailed, plausible, and comprehensive Rule 56 Affidavit was plainly wrong and an abuse of discretion. See Reid, 56 F.3d at 341-42 (finding that the district court granted summary judgment prematurely where plaintiff made timely motion supported by affidavit describing requested discovery); Resolution Trust Corp., 22 F.3d at 1203-09 (district court abused its discretion by granting summary judgment when discovery was incomplete); Nestor Colón Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 39 (1st Cir. 1992) (vacating portion of summary judgment where "plaintiffs set forth enough to indicate that they may conceivably be able to make out a triable issue" (emphasis in original) (citation omitted)).

## CONCLUSION

Accordingly, we hereby **vacate** the judgment of the district court and **remand** this matter for further proceedings consistent with this opinion.[3] Costs shall be taxed in favor of the plaintiffs.

---

[3] In as much as plaintiffs raise any legal issue that the district court decided prior to his ruling in the motion for summary judgment, this court takes no position. Rather, the matter is remanded to the district court in the same posture in which it existed when summary judgment proceedings began.

-14-